# Moon v. Jacobs.

*Bill in Equity to enjoin Sale under a Mortgage, and to be let in to redeem.*

1. *Bill to redeem from mortgage; necessary parties.*—Where in a bill filed by the owner of the equity of redemption, acquired by purchase from the mortgagor, to restrain the sale of the mortgaged property under foreclosure, and to be let in to redeem, it is averred that certain persons negotiated for the purchase of the mortgage debt and mortgage, and had them transferred to the defendant, who holds the same subject to their control, the bill is not demurrable because such persons are not made parties defendant; said persons not being

[Moon v. Jacobs.]

necessary parties to the bill, since they are neither legally nor beneficially interested in the estate created by the mortgage, and are not persons entitled to receive or share in the payment of the mortgage debt.

APPEAL from the Chancery Court of Perry.

Heard before the Hon. W. H. TAYLOE.

The facts of the case are sufficiently stated in the opinion.

J. H. STEWART, for appellant.

JOHN T. VARY, *contra.*

BRICKELL, C. J.—The original bill was filed by the appellant to redeem certain lands from a mortgage executed by his vendor, who had conveyed to him in fee simple, he promising as part of the consideration, to pay the mortgage debt. The mortgage debt had matured, and the mortgage and debt had been by the mortgagee assigned to the appellee. In reference to the assignment, the allegations of the bill are, that the two sons of the appellee negotiated for the purchase of the debt and mortgage from the mortgagee, and had them transferred to the appellee, who owns and holds the same. It is further alleged, that the two sons manage and control the debt and mortgage in the name of the appellee. The appellee, as assignee, through attorneys, was proceeding to execute a power of sale contained in the mortgage. The appellant tendered the full amount necessary to a redemption, which was refused, and thereupon filed this bill to enjoin the sale and to be let in to redeem. The appellee demurred, assigning several causes, one only of which the chancellor sustained, and that is the non-joinder of the two sons of the appellee. From the decree sustaining that cause of demurrer, this appeal is taken.

The necessary parties defendant to a bill for redemption, are all the persons legally or beneficially interested in the legal estate created by the mortgage, and parties entitled to receive or share in the payment of the mortgage debt. The two sons of the appellee did not stand in either of these relations; by assignment absolute and unconditioned the appellee has acquired the legal estate and the mortgage debt. The negotiation by the sons of the purchase of the mortgage and debt, terminated in

the assignment to the appellee, to hold for herself, not for the sons, directly or indirectly. Taking the allegations of the bill to be true, as they must be taken on demurrer, the sons have no interest in the suit, or in its subject matter; and there is no possible contingency or aspect of the cause, in which a decree could be rendered affecting them. If they had been active in the proceedings to foreclose, impeding the appellant in redemption, it was as the agents of the appellee, in her name and right, and as a general rule, a mere agent having no right or interest involved, ought not to be joined as a party with his principal.—Story Eq. Pl., § 231. ·

The decree of the chancellor must be reversed, a decree here rendered overruling the demurrer, and the cause remanded.

Reversed, rendered and remanded.